FILED
U.S. DISTRICT COURT
**IN THE UNITED STATES DISTRICT COURT** DISTRICT OF MARYLAND
**FOR THE DISTRICT OF MARYLAND**

**Southern Division**

2016 SEP 13 A 9: 21

| | | |
|---|---|---|
| **TELVON MARKKI TAYLOR** | * | CLERK'S OFFICE |
| | | AT GREENBELT |
| **Plaintiff,** | * | BY_____ DEPUTY |
| | | |
| **v.** | * | **Civil Action No. GJH-16-2738** |
| | | |
| **JUDGE KAREN H. ABRAMS,** | * | |
| **JUDGE WOODWARD,** | | |
| **JUDGE MATRICCIANI,** | * | |
| **JUDGE CHARLES E. MOYLAN, JR.,** | | |
| **JUDGE PETER B. KRAUSER,** | * | |
| **JUDGE HOTTEN,** | | |
| **JUDGE NAZAARIAN,** | * | |
| **JUDGE JAMES R. EYLER,** | | |
| **JUDGE MAUREEN LAMASNEY,** | * | |
| **JUDGE DEBORAH S. EYLER,** | | |
| **JUDGE ARTHUR, and** | * | |
| **JUDGE J. BERGER,** | | |
| | * | |

**Defendants.**

                                    ***

## MEMORANDUM OPINION

The above-captioned case was filed on August 1, 2016 by Plaintiff Telvon Taylor,

together with a Motion to Proceed in Forma Pauperis. Because he appears indigent, Plaintiff's

Motion to Proceed in Forma Pauperis shall be granted. However, Plaintiff's request for

information under Maryland's Public Information Act is not properly directed to this Court.

Further, Plaintiff's assertion that denial of the information he seeks is a violation of his due

process rights is not legally sufficient. Therefore, Plaintiff's Complaint is dismissed for failure to

state a claim upon which relief can be granted.

Plaintiff is a federal prisoner confined at the Federal Correctional Center in Beaumont,

Texas. The complaint, naming as Defendants a judge from the Circuit Court for St. Mary's

County, Maryland and judges from the Maryland Court of Special Appeals, seeks injunctive and

declaratory relief in the context of Plaintiff's failed attempt to obtain coram nobis relief in the Maryland state courts. ECF No. 1. The named Defendants are all members of Maryland's judiciary who participated in the denial of the relief sought by Plaintiff and who, according to Plaintiff, have subsequently ignored his repeated requests for access to documents in the courts' files which are referenced in the decision denying relief. In addition, Plaintiff alleges that his arguments in support of his stated need for the documents referenced have been ignored by the named Defendants.

On June 9, 2009, Plaintiff filed a self-represented Petition for Writ of Error Coram Nobis in the Circuit Court for St. Mary's County challenging his January 26, 1996 guilty plea for possession of cocaine with intent to distribute.[1] ECF No. 1 at 2. Plaintiff raised the following claims in his petition: plaintiff was unaware of the nature and elements of the charges prior to entering a guilty plea; the trial court did not conduct an adequate plea colloquy; a factual basis for the guilty plea was not made part of the record; counsel rendered ineffective assistance; "actual innocence;" and plaintiff was not advised of his right to appeal. *Id.* at 6.

A hearing was held in the state circuit court on September 16, 2009, during which Plaintiff's trial counsel from the original criminal proceedings, John L. Erly, testified. *Id.* at 6. Erly testified in part that Plaintiff "could not declare innocence due to [his] confessing to the crime prior to pleading guilty" and that there was evidence that Plaintiff made controlled buys of narcotics from undercover police officers. *Id.* at 7. Plaintiff avers he rebutted this testimony by stating he was never originally charged with distribution of narcotics. *Id.*

On September 26, 2009, Judge Abrams wrote a decision denying coram nobis relief, referencing documents that she felt substantiated the State's claim that Plaintiff was not entitled

---

[1]       Plaintiff states that this conviction was relied upon to enhance his federal sentence received in this Court wherein he was determined to be a career offender. ECF 1 at 2, *see also United States v. Telvon Taylor*, Criminal Case RWT-06-0131 (D. Md.).

to relief. *Id.*; *see also* ECF No. 1-1 at 1–9. Relevant to Plaintiff's claim asserted here, the opinion states that Erly produced: letters documenting numerous meetings with Plaintiff which date to before the time Erly was retained to represent Plaintiff (ECF 1-1 at 3); a copy of a cover letter sent to Plaintiff showing he solicited input from Plaintiff (*id.*); and a retainer agreement referencing several meetings that occurred prior to Erly being retained (*id.* at p. 5). ECF No. 1 at 7. Based on Erly's testimony and the documents referenced, Judge Abrams found Erly's testimony convincing and denied relief. *Id. see also* ECF No. 1-1 at pp. 5 and 8. Plaintiff maintains he was never provided copies of the documents referenced and no documents presented by Erly were entered into the record. ECF No. 1 at pp. 7–8. Plaintiff further claims that Erly "held up one piece of paper while stating the piece of paper was a retainer agreement signed by the Plaintiff" and states this claim is patently false because he did not retain Erly to represent him, rather his mother retained counsel on his behalf. *Id.* at 8. Additionally, Plaintiff states that Erly held up another piece of paper stating it was a letter mailed to Plaintiff explaining the plea deal. *Id.* Plaintiff protested, explaining to the coram nobis court he did not recall receiving such a letter and that it was not relevant to whether his guilty plea was invalid. *Id.*

Plaintiff states he filed a timely appeal of the denial of relief with the Court of Special Appeals and the decision was affirmed. ECF No. 1 at 2–3. The appellate judges who affirmed the decision, Woodward, Matricciani, and Moylan, are named Defendants in the instant case. *Id.*

On May 10, 2011, Plaintiff filed a Motion for Claim for Relief Due to Fraud on the Court and Judicial Misconduct and two supplemental motions for relief in the Circuit Court for St. Mary's County which were denied on June 16, 2011. ECF No. 1 at 3. Plaintiff appealed the denial to the Court of Special Appeals and the decision was denied by Judges Hotten, Nazarian,

and James R. Eyler. *Id.* Other motions subsequently filed by plaintiff were denied and affirmed on appeal. *Id.* at 3–4.

Plaintiff states that on May 10, 2013, he filed a Request for Production of Documents pursuant to the Maryland Public Information Act with the Circuit Court for St. Mary's County. ECF No. 1 at 3. He states, "Plaintiff has yet to personally receive any type of response and/or reply regarding his request for the production of documents pursuant to the Maryland Public Information Act." *Id.* at 3–4. The documents Plaintiff seeks are described by him as a "true copy" of a "legal court document" showing he was originally charged with distribution as claimed by counsel at the coram nobis hearing; and "each substantiating document [Judge] Abrams declared attorney Erly produced at the coram nobis hearing that supports denial of coram nobis." *Id.* at 8–9. Plaintiff asserts that the named Defendants have not acknowledged his Public Information Act requests. *Id.* at 9.

Notwithstanding the lack of response, Plaintiff obtained and submits a copy of a letter from Judge Abrams to Assistant Attorney General Stuart Nathan indicating that no documents were entered into evidence at the coram nobis hearing; rather, the court simply took judicial notice of the transcript of the proceedings. ECF No. 1-1 at 11–12. Plaintiff argues that this means the judge violated Maryland Rule 5-201 because he was not told judicial notice would be taken of the transcript. ECF No. 1 at 10.

Plaintiff states he is not asking this Court to review the validity of the state court's rulings, but is seeking access to "material evidence (documents, which would include a legal court document in support of attorney Erly's testimony)." ECF No. 1 at 12. He further seeks injunctive relief declaring that Maryland's Public Information Act, Post-Conviction Act, and Rule 5-201 are unconstitutional; an order requiring the production of the documents sought or an

4

explanation as to why they are unavailable or a description of their content; and an award of attorney's fees.[2] *Id.* at 14.

The complaint as presented is subject to dismissal. Under Maryland's Public Information Act, a request for information subject to disclosure must be directed to the custodian of such records. *See* Md. Gen. Prov., Code Ann. §§4-201, 4-202. In this instance, the custodian of any court records subject to disclosure are the Clerks for the Circuit Court for St. Mary's County, Maryland and for the Maryland Court of Special Appeals, not the judges who authored opinions regarding Plaintiff's attempts to obtain coram nobis relief. To the extent Plaintiff's request for inspection of public documents was forwarded to the proper custodian, a failure to respond to such an application within 30 days of receipt constitutes a denial. *See* Md. Gen. Prov., Code Ann. §4-203(b)(3). When an applicant requests to inspect a public record that is determined by the custodian not to exist, the custodian is obliged to notify the applicant of that determination. Md. Gen. Prov., Code Ann. §4-201(d). Whether the custodians of the documents sought by Plaintiff complied with any of these provisions is unclear. However, this Court does not have jurisdiction over state employees to mandate their performance of a duty owed under state law. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Plaintiff's request for an Order from this Court declaring the Public Information Act, the Post-Conviction Act, and Maryland Rule 5-201 unconstitutional is also not available from this Court. Despite Plaintiff's assertion that denial of the information he seeks is a violation of his due process rights, nothing alleged in the complaint suggests he was denied due process. The due process clause "imposes procedural limitation on a State's power to take away protected entitlements." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67 (2009). "Federal courts may upset a State's post-conviction relief procedures only if they are

---

[2]     It is clear from the complaint that Plaintiff pursued all avenues described without the assistance of counsel.

fundamentally inadequate to vindicate the substantive rights provided." *Id.* at 69. In Plaintiff's case, he received a full hearing and a written decision denying relief.  His demand for the evidence upon which the state court relied for its decision, issued after the sentence emanating from the conviction has expired, does not implicate a liberty interest. "A criminal defendant proved guilty after a fair trial does not have the same liberty interest as a free man." *Id.* at 68. Accordingly, by separate Order which follows, the Complaint shall be dismissed.


9/13/2016
_____
Date

_____
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

6